MAMOLEN v. BLOOMFIELD et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9282. Decided Oct. 22, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**REAL ESTATE.**
(510 B3g) Ordinance requiring light in tenement houses, "in each public hall way," held not to apply to outside stairway.

Error to Municipal Court.

Judgment affirmed.

Harry C. Gahn and Manuel Koslen, Cleveland, for Mamolen.

Paul Howland, Cleveland, for Bloomfield, et.

STATEMENT OF FACTS.

The question to be determined in this case is whether the court below committed error in rendering a judgment in favor of defendant, upon the opening statement and the reading of the petition and specifically speaking, the determinative question is the construction of an ordinance of the City of Lakewood, O., relating to the operation of tenement houses of two stories or more in height and occupied by more than two families. The paragraph of the ordinance is as follows:

"In every tenement house of two (2) or more stories in height, or occupied by more than two (2) families, a light sufficient to give a light of an intensity of one-half (½) Watt per square foot of floor area, the voltage measured at the lamp, shall be maintained in each public hallway near each stairs upon the entrance floor of such tenement house, every night from sunset to sunrise and upon all other floors of such tenement house from sunset to sunrise.

It appears from the record that the apartment or tenement houses had rear stairways which formed the method of ingress and egress to the apartments and hallways of the building itself, and which were constructed in an areaway enclosed on three sides by the rear of the building and by the sides of the building which projected from the middle portion of the rear of the tenement. In other words, the stairway, the floors and the spaces adjacent to the same were on the outside of the building proper. In every structure of the character at bar, there is an interior and an exterior and it is well to bear in mind that fact when construing the ordinance.

SULLIVAN, PJ.

It will be observed that the first phrase of the ordinance is the basic feature of the remaining language of the provision and all other words, phrases and clauses in the ordinance relate to the first phrase which is as follows: "In every tenement house." Now then, it is necessary in order to ascertain whether the provisions of the ordinance are complied with, to determine first whether the things required are in the tenement because if they are not in the tenement they are out of the tenement, and therefore there is a legislative deficiency which leaves the ordinance to apply only to the interior of the building. The defective lighting of the premises relate to the areaway where the outside stairs and porches are located and therefore it is a requirement that does not relate to the interior of the tenement. The word "in" is capable of but one meaning and that is the inside of the building proper. In other words, the interior and not the exterior.

Holding these views it is our judgment that the lower court ruled rightly and thus holding, the judgment of the lower court is hereby affirmed.

(Vickery and Levine, JJ., concur.

---

# OFFICIAL SYLLABI
# Ohio Appeals

---

CENT. NAT. BK. SAV. & TR. CO. v. REPRESENTATIVE REALTY CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Bank.

Orgill, Maschke & Wickham, Cleveland, for Realty Co.

VICKERY, J.

**COURTS.**
(180 R) It is the duty of the receivers, in whose hands a business has been placed, to settle and adjust the affairs of the concern, but not to reorganize it for the purpose of carrying it on, and a contract made with the receivers of a real estate company to reorganize the concern is invalid.

**APPEAL.**
(30 G) Appeal does not lie to the Court of Appeals from an order of the Court of Common Pleas refusing permission to sue receivers upon contract to reorganize and conduct a business placed in their hands.

(Sullivan, PJ., and Levine, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

GOFF-KIRBY COAL CO. v. AQUILA.

Ohio Appeals, 8th Dist., Cuyahoga Co.

J. H. McNeal, Cleveland, for Coal Co.

S. V. McMahon and F. W. Zimmerman, Cleveland, for Aquila.

LEVINE, J.

**CORPORATIONS.**
(160 N) Corporation, whose superintendent, charged with delivery of coal, selects his own truck and driver for purpose of making deliveries, instead of selecting truck and driver employed by corporation, is nevertheless liable for negligent operation of truck, though superintendent conducts independent trucking business.

**TRIAL.**
(590 W2b) Where court submitted issue under conflicting evidence, Court on appeal was required to assume that jury, returning verdict for plaintiff, rejected defendant's evidence to such issue.

(Sullivan, PJ., and Vickery, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.